10960

STATE v. HARRISON

(112 S. E. 926)

CRIMINAL LAW—CHARGE, THREATENING JURORS RESPONSIBLE FOR MISTRIAL, HELD INVASION OF RIGHT TO JURY TRIAL.—In a prosecution for homicide a charge, referring to the defeat of justice by frequent mistrials and stating that, if there is some one on the jury that is absolutely fixed and determined not to decide the case, the judge was going to find it out and take some notice of it, was a threat to invade the secrecy of the jury room, destructive of the right to trial by jury, and requires reversal of the case, notwithstanding a statement immediately following that portion of the charge that the judge was satisfied the jury would give the case fair consideration.

Before MEMMINGER, J., Greenville, August, 1921. Reversed.

Tom Harrison convicted of homicide and appeals.

*Messrs. Dean, Cothran &. Wyche,* and *Bonham & Price,* for appellant, cite: *Testimony as to defendant's moral character improper:* 98 S. C. 114, 100 S. C. 248, 78 Ala. 474. *Kindly expressions of deceased toward defendant admissible:* 56 S. C. 431. *Improper for Judge to tell jury what another jury had done, or to threaten, by intimation, to keep them locked up for long period:* 100 S. C. 150, 105 S. C. 59, 103 S. E. 277. *Threats to invade secrecy of jury room improper:* 107 S. C. 107, 87 S. C. 410.

*Mr. D. W. Smoak, Solicitor,* and *A. E. Hill,* for respondent, cite: *Statement of deceased after shooting accusing defendant was admissible:* 38 S. C. 258, 47 S. C. 9. *Subsequent declaration inadmissible:* 26 S. C. 576; 32 S. C. 45. *Judge did not unduly urge jury to return a verdict:* 86 S. C. 17, 115 S. C. 360, 107 S. C. 115. *Change must be considered in its entirety:* 115 S. C. 248, 29 S. C. 4, 35 S. C. 269, 99 S. C. 34, 94 S. C. 304. *Verdict proper and should not be disturbed:* 115 S. C. 367, 93 S. C. 295; 93 S. C. 426, 78 S. C. 81.

July 6, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was indicted for the killing of his wife. The appellant's defense was that he had shot at a man who was attacking his wife, and that the killing of his wife was an accident. The solicitor, in a very able argument in this Court, said:

"From the State's point of view, the conviction of Tom Harrison was a triumph of decency in Greenville County, and the reversal of his case would be nothing short of a calamity for law enforcement in the community."

There is a greater calamity still that may occur, and that is for the Courts to sanction a conviction of the worst of men by the destruction of the constitutional protection guaranteed to every citizen in the trial by jury.

His Honor, the presiding Judge, in charging the jury as to the defeat of justice by the frequent mistrials that were occurring over the State, used this language:

*"Now, if there is somebody on that jury that is absolutely fixed and made up his mind, and determined that he will not decide this case, then I am going to find it out;* it will be known, and there will be some notice taken of it. I am addressing you, gentlemen, as fair and honorable of this kind, and I have had no occasion to believe at any time when I have held Court here that a man that went on the jury behaved otherwise. I am satisfied you will give it a fair and deliberate and careful consideration, and not stay there and hold out, just bent on a conviction of some idea that you have got to serve one side or the other. A conviction is something that arises out of the testimony in the case."

It is true his Honor told the jury that he believed they were fair and honorable, but he left that matter open. The charge contained a threat to invade the secrecy of the jury room and punish the juror or jurors responsible for a mistrial. The honesty of the juror or jurors responsible for the mistrial depends, not on their own estimate, but that of the Court. This was clearly destructive of the right to trial by jury.

The other exceptions are overruled, as they were not prejudicial error.

The judgment of conviction is reversed, and a new trial ordered.